Van Brunt, P. J.
This was an action to recover damages upon the ground of fraud which consisted in inducing the plaintiff to buy certain mining shares by means of fraudulent representations made by the defendant, as to the value of the property owned by the company whose shares the plaintiff was induced to purchase.
The learned justice who presided at the trial of this case at the circuit, presented the question of fraud in two aspects:
First. Did either, of the defendants represent, either orally or in printed documents, as facts within their own knowledge, conditions of this mine which they knew to be untrue, or in respect to which they had no knowledge; or
Second. Did either of the defendants make representations as upon information as to the condition of this mine, which they did not believe to be true, or had not reasonable ground to believe to be true.
It is claimed as a ground of error upon this appeal that the admission of evidence upon the part of the defendants Moffat, of the visits of mining experts and others to the mine, and of the report that they made to him of the value of the mine, was error.
It is to be observed that one of the grounds of the plaintiff’s action was fraudulent representation of facts, which the defendants either did not believe to be true, or had no reason to believe to be-true.
In answer to this charge, the defendants had a right to show what information they had upon the subject, the character and means of observation of thé informants, and they had also the right to show by the acts of persons who had visited the property, not only what they said in respect to it, but also what they did, apparently, upon the faith of the knowledge which they had acquired by a personal examination of its merits, which acts had come to their knowledge.
The fact that these gentlemen had visited the mine was the subject of comment upon the part of the plaintiff, and it seemed to impress him as a favorable symptom of value that the property was thought well of by them.
It was not claimed as error upon the part of the plaintiff that this question was submitted to the jury; upon the contrary, the propriety of such submission was acquiesced in.
In fact the whole of the testimony of the plaintiff himself *43 shows that he knew that as to many of the conditions of this property the representations were not made as matters of fact, but as matters of beliefj therefore the evidence above referred to was competent to show not only that the defendants believed that which they represented, but that they had good reason for such belief.
The plaintiff urges, however, that it cannot be claimed that this evidence was admitted only to show that having these statements made to them, the defendants depended upon them in making their representations to plaintiff, and were therefore acting in good faith, because there was no such qualification placed upon its admission and no intimation made to the jury in any way that such testimony must be limited to such an effect. This claim might have been well founded had the proper objection been taken.
The objection to the admission of the evidence was general and if it was admissible for any purpose, there was no error in its admission.
If the plaintiff desired to limit the effect of its admission, he was bound to ask the court for such limitation both in the objection to the admissibility of the evidence and in the requests or exceptions to the charge of the court.
If the court in its charge did not limit the effect of the evidence, it was not requested so to do, and if its attention was not called to the fact no error was committed by the omission.
The same may be said of the objections now taken as to the language of the court in respect to the .evidence as to the truth of defendant’s representations.
If there was any misstatement of the evidence or misapplication of the same, no exception to the charge was taken for that reason and we may well assume that had the attention of the court been called to any such circumstance, the error would at once have been rectified.
The objection that the technical meaning of the term y ore in sight ” or “ reserves ” was not brought to the plaintiff’s attention and was not known to him at the time of defendant’s representations and that therefore evidence as to its meaning was not admissible, is not well taken.
The question was as to the good faith of the defendants and if in their conversations with the plaintiff they made use of expressions or terms which were in use and to them meant a certain a condition of things and by which they intended to convey information of that condition and they did not know or had no reason to suppose that these terms conveyed a different impression to the plaintiff, they cannot be held to have intended to convey a false impression, which is the whole foundation of this kind of action.
The claims of the parties in respect to this part of the case were fully and fairly stated by the court to the jury, and their verdict is conclusive upon the subject.
The only other exception to the admissibility of evidence, *44 were the exceptions which were taken to the evidence of certain miners who worked in the mine and as to their estimate of reserves and ore in sight and their belief, and the reasons for their belief.
It is true that the learned court, in charging the jury, directed them to disregard this evidence, but we are of the opinion that he might well have omitted this instruction, as it seems, to us that the evidence was not incompetent.
The claim was made that the mine was doctored for the purpose of deceiving those that might visit for the purpose of ascertaining its value.
That excavations were purposely made so as to create a false appearance as to the value of the mine.
To meet this charge the defendants examined as witnesses-the very men who worked in the mine and who must inevitably have known the fact if any such scheme had been attempted to be carried out. They show' by these witnesses what they saw, what they believed and the reasons for their belief, and the confidence which they had in their belief by their acts in buying this stock at a price just as large as the plaintiff paid- for his.
This evidence was clearly competent. These men knew whether there had been an attempt to give the mine a false appearance of richness. They were as competent to judge certainly as the defendant, as to what the appearance of the mine was and the prospects which it held forth, and the fact that they acted upon conclusions based upon this knowledge, was evidence of their good faith.
The learned court made no error in respect to the instructions to the jury as to the effect of the capitalization of the company at $20,000,000.
The plaintiff did not believe, when he bought this stock at $20 per share, that anybody supposed that because the par value of stock was $100, that $20,000,000 was the actual present market value of the property owned by the company. He knew that the valuation was speculative, depending upon developments, and that human nature is not so charitable as to sell for $20 what will bring $100 in the market.
The capitalization of the company, under the circumstances under which the plaintiff bought, could not and did. not induce him to enter into this speculation.
It was the prospect of the rise in the value of the property owned by the company that induced the plaintiff to buy, as plainly appears by the evidence in this case.
The jury having found that the defendants have acted in. good faith, and that whatever loss has been incurred was through no fault or misrepresentation of theirs, we cannot disturb their conclusion.
The judgment appealed from should be affirmed, with costs.
Bartlett, J., concurs.